IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | Case No. CR01-123-S-EJL |
| vs. | ) | |
| | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| FRED MARTIN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| _____ | ) | |

Pending before the Court in the above-entitled matter is Defendant Fred S. Martin's appeal of his conviction of a misdemeanor charge. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

### Factual and Procedural Background

On August 23, 2001 the government filed an information charging Mr. Martin with one count of use of national forest system without special permit in violation of 36

**MEMORANDUM DECISION AND ORDER** - Page 1

C.F.R. § 261.10(k).  (Dkt. No. 1).  The charges arise from Mr. Martin's participation in the 2001 Rainbow Family of Living Light gathering in the Boise National Forest.  The group had failed to obtain the requisite special use permit for noncommercial uses involving more than 75 spectators or participants pursuant to 36 C.F.R. §§ 251.50(a), 261.10(k).  In order to be convicted of the charged offense the government must prove, beyond a reasonable doubt, that 1) thee was a use; 2) the use was of National Forest land; 3) the use was by a noncommercial group of 75 or more persons, either as participants or as spectators; 4) no "special use" authorization was obtained prior to the use; and 5) Mr. Martin participated in the use knowing of the permit requirement and knowing that the use which he was part of required such permit pursuant to 36 C.F.R. § 261.10(k).

Because the charges were misdemeanors a court trial was set before Magistrate Judge Larry M. Boyle for September 25, 2001.  See 18 U.S.C. § 3401.  Mr. Martin represented himself at the trial.  The Court found Mr. Martin guilty on the charge and sentenced him to two years of unsupervised probation subject to certain terms and conditions and ordered a special assessment fee.  (Dkt. No. 11).  Mr. Martin then filed the instant appeal.  The appeal challenges the conviction arguing the Magistrate Judge erred in admitting certain prejudicial evidence and contending that the statute of conviction is unconstitutional pursuant to the First, Fifth, and Ninth Amendments.

**Standard on Appeal**

Federal Rule of Criminal Procedure 58(g)(2)(D) provides that "The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." See also Local Criminal Rule 58.2(f) ("The scope of the appeal shall be the same as on an appeal from a judgment of the district court to the court of appeals). The court's decision to admit or exclude evidence is reviewed for an abuse of discretion. See Obrey v. Johnson, 400 F.3d 691, 694 (9th Cir. 2005). The challenged judgment is reversible only if it is clearly erroneous or contrary to law. See United States v. Ramirez, 555 F.Supp. 736, 738-39 (E.D. Cal. 1983); United States v. Li, 510 F.Supp. 276, 277 (D. Haw. 1981).

**Discussion**

1) Evidentiary Objections:

Mr. Martin argues the Magistrate Judge improperly admitted photographs which were irrelevant and prejudicial hearsay. In particular, Mr. Martin points to Exhibit 13, a number of photographs, in which he maintains he is not present. Mr. Martin's defense is that the government has not established that he was either a participant or spectator of the Rainbow gathering. Some of the photographs do not include Mr. Martin while others merely establish that he was present in the Boise National Forest. In addition, Mr. Martin challenges the admission of hearsay testimony of the officers regarding what other officers had told them and that the officers were bias.

**MEMORANDUM DECISION AND ORDER** - Page 3
05ORDERS\MARTIN.WPD

As to the admission of the photographs, the Court finds the Magistrate Judge did not abuse his discretion in admitting these pieces of evidence.  The photographs of the gathering were not considered by the Magistrate Judge in his determination regarding Mr. Martin's guilt.  (TR p. 127, L. 18-21).  The Court eventually admitted the photographs to clarify the record and so that the Court was able to comment on them at sentencing.  It appears the photographs were used by the Magistrate Judge, if at all, as a means of identifying and comment on the gathering in general but were not decisive as to any of the elements of the crime.  Therefore, there was no abuse of discretion.  Even if there were an error in admitting the photographs, such error was harmless because it did not impact the Magistrate Judge's determination as to guilt or innocence and, it appears, in fact helped Mr. Martin at sentencing.  In terms of the admission of other photographs, this Court finds they too were properly admitted.

As to the testimony of the officers relating to what other officers had told them, the Court finds this testimony was properly admitted.  While it does not appear Mr. Martin actually raised an objection at the trial, the Court did inquire regarding the potential hearsay nature of the Officer's testimony.[1]  As the government demonstrated, the testimony went to the testifying officer's knowledge as to why he issued Mr. Martin the citation and, therefore, the testimony was not hearsay.  The collective knowledge of law

---

[1] During the testimony of Officer Novitske the Court questioned whether the testimony regarding what Officer Seymore had told him was hearsay.  The government disagreed and Mr. Martin interjected stating "yes, it is." (TR 104, L. 2).

enforcement can form the basis for reasonable suspicion and/or probable cause.  See United States v. Terry-Crespo, 356 F.3d 1170, 1177 (9th Cir. 2004); United States v. Butler, 74 F.3d 916, 921 (9th Cir. 1996).  Thus, the testimony was relevant and went to Officer Novitske's knowledge.  Further, there is no indication in the record that the Officers' previous interactions and knowledge of Mr. Martin biased their decision to issue a citation.  The Magistrate Judge properly admitted the testimony.

2) Constitutional Challenges:

   Mr. Martin's appeal raises several constitutional challenges to the legality of the enforcement of the applicable regulations and statutes including the First Amendment, Fifth Amendment, and Ninth Amendment.  The government's trial brief and response to the motion to dismiss argue the constitutionality of 36 C.F.R. § 261.10(k) has been decided by this and other circuits.  (Dkt. Nos. 3, 6).  The arguments raised in Mr. Martin's motion to dismiss, which the Magistrate Judge denied, form the basis for his arguments on appeal.  Having reviewed those arguments, it appears the constitutional arguments are without merit and have been previously decided by other courts.  See United States v. Adams, 388 F.3d 708 (9th Cir. 2004); Black v. Arthur, 201 F.3d 1120 (9th Cir. 2000); see also United States v. Nenninger, 351 F.3d 340 (8th Cir. 2003); United States v. Kalb, 234 F.3d 827 (3rd Cir. 2000).  This Court agrees and finds the arguments are without merit and denies the same.

## ORDER

Based on the forgoing and being fully advised in the premises, the Court **AFFIRMS**

the conviction and **DENIES** Defendant's appeal (Dkt. No. 12).

DATED:  **May 19, 2005**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER** - Page 6
05ORDERS\MARTIN.WPD